UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:04-cr-60091-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DANIEL DEAN SWANGER, | |
| Defendant. | |

AIKEN, Chief Judge:

Defendant moves to modify, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

BACKGROUND

In April 2005, defendant entered a conditional plea of guilty to charges of felon in possession of eleven firearms. See 18 U.S.C. §§ 922(g)(1). During the plea proceeding, defendant admitted to nine previous convictions for first-degree burglary. Or. Rev. Stat. § 164.225. In July 2005, I sentenced defendant to the mandatory

1 - OPINION AND ORDER

minimum sentence of fifteen years after determining that the burglary convictions constituted "violent felonies." 18 U.S.C. 924(e)(1).

Defendant appealed the denial of his suppression motion, and in March 2007, the Ninth Circuit remanded the case for additional findings. See United States v. Swanger, 221 Fed. Appx. 599, 2007 WL 582475 (9th Cir. 2007). In June 2007, I made additional findings and again denied the suppression motion. Defendant did not appeal.

In December 2013, defendant filed the instant motion pursuant to 28 U.S.C. § 2255. Defendant cites the Supreme Court's holding in Descamps v. United States, 133 S. Ct. 2276 (2013) in support of his motion and as a "watershed" ruling which excuses its untimeliness.

## DISCUSSION

Defendant's conviction became final in June 2007, after he did not appeal the second denial of his motion to suppress. Accordingly, defendant had until July 2008 to file a § 2255 motion. See 28 U.S.C. § 2255(f). He did not do so.

The government asserts that the timeliness of defendant's motion depends on its merits. If the court determines that Descamps applies to his conviction, the government concedes that the motion is timely filed under the "actual innocence" exception. See McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). I find that Descamps does not affect defendant's conviction and deny the motion on that ground.

2 - OPINION AND ORDER

Defendant was sentenced pursuant to the Armed Career Criminal Act (ACCA), which requires a mandatory minimum sentence of fifteen years if a defendant has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). A violent felony includes "burglary, arson, or extortion" or a crime that "involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(ii). To determine whether a past conviction qualifies as an ACCA predicate offense, "courts use what has become known as the 'categorical approach': They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." Descamps, 133 S. Ct. at 2281. Thus, to qualify as "burglary" under the ACCA, a prior conviction must include the elements of "generic burglary"; i.e., the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990).[1]

In Descamps, the Supreme Court held that the Ninth Circuit erred by employing the so-called "modified categorical approach" to determine whether California's burglary statute - with "a single 'indivisible' set of elements" - constituted generic burglary for

---

[1] The Ninth Circuit has explained that "in Taylor, the Supreme Court made clear that the generic term 'building or structure' was limited to structures designed for occupancy and intended for use in one place." Mayer, 560 F.3d at 959.

3 - OPINION AND ORDER

purposes of the ACCA. <u>Descamps</u>, 133 S. Ct. at 2283. The Court made clear that the modified categorical approach is permitted only when a statute is divisible and has alternative elements that correspond to elements of a generic ACCA offense. <u>Id.</u> at 2285 ("[T]he modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute.").

Where the statute of conviction is divisible, a court may use the modified categorical approach and look to a restricted set of documents to determine which version or phrase of the statute provided the basis for conviction. <u>Id.</u> at 2285 ("If at least one, but not all of those [alternative elements] matches the generic version, a court needs a way to find out which the defendant was convicted of."); see also <u>Johnson v. United States</u>, 559 U.S. 133, 144 (2010) ("[T]he 'modified categorical approach' that we have approved permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record.") (citation omitted). The Court emphasized that the modified categorical approach does not permit a court to review the facts of conviction under an indivisible statute to determine whether it qualifies as a ACCA predicate offense. <u>Descamps</u>, 133. S. Ct. at 2286-87 ("That approach . . . turns an elements-based inquiry into an evidence-based one.").

I do not find <u>Descamps</u> applicable to this case. It is undisputed that defendant had numerous prior convictions for first-

4 - OPINION AND ORDER

degree burglary of a dwelling in Oregon. See Govt's Submission of Judicial Documents (doc. 75). Granted, Oregon's first-degree burglary statute does not constitute the predicate ACCA offense of "generic burglary," because none of the elements limit burglary to buildings or structures used for occupancy. See Mayer, 560 F.3d at 959 (Oregon's first-degree burglary statute "does not categorically satisfy the generic definition of burglary").

Regardless, the Ninth Circuit has held that Oregon's first-degree burglary statute "categorically" qualifies as a predicate offense under the ACCA's residual clause. Mayer, 560 F.3d at 962 ("For these reasons, the district court did not err by determining that first-degree burglary under Oregon Revised Statutes section 164.225 is categorically a 'violent felony' under the ACCA's residual clause."). In so ruling, the Ninth Circuit noted that the statutory elements of the crime require unlawfully entering or remaining in either 1) a dwelling, or 2) any building while carrying a burglary tool or weapon or attempting physical harm. Id. at 961-63; Or. Rev. Stat. § 164.225.

Notably, the Ninth Circuit did not look to the underlying facts of defendant's burglary conviction - found problematic in Descamps - but rather looked only to the elements of the offense. See Descamps, 133 S. Ct. at 2286-87; Mayer, 560 F.3d at 962-63; see also James v. United States, 550 U.S. 192, 208 (2007) (to determine a predicate offense under the residual clause, "the proper inquiry

5 - OPINION AND ORDER

is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another"). According to the Ninth Circuit, "'in the ordinary case,' a violation of Oregon Revised Statutes section 164.225 will involve conduct that presents a serious potential risk of physical injury to another, in a manner similar to generic burglary." Id. at 963 (quoting James, 550 U.S. at 208).

Importantly, the ACCA's residual clause was not at issue in Descamps, and the Court "express[ed] no view on that argument's merits." 133 S. Ct. at 2293 n. 6 (stating that the government had "forfeited an alternative argument" that the California burglary statute "qualifies as a predicate offense under ACCA's 'residual clause'"). As a result, Descamps does not overrule Mayer, and defendant's prior burglary convictions constitute predicate offenses under the ACCA.

## CONCLUSION

Accordingly, defendant's Motion pursuant to 28 U.S.C. § 2255 (doc. 66) is DENIED.

IT IS SO ORDERED.

Dated this 15 day of May, 2014.

_____
Ann Aiken
United States District Judge

6 - OPINION AND ORDER