UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:04-cr-60091-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DANIEL DEAN SWANGER, | |
| Defendant. | |

AIKEN, Judge:

In 2005, defendant pled guilty to charges of felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). At sentencing, I determined that defendant's prior burglary convictions rendered him a career offender under the residual clause of the Armed Career Criminal Act (ACCA), and I imposed a sentence of 188 months' imprisonment. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.1. Defendant now moves to vacate and correct his sentence under 28 U.S.C. § 2255.

Defendant argues that, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior convictions for first-degree burglary of a dwelling no longer support the ACCA sentencing enhancement. The government opposes the motion and contends that defendant's burglary convictions remain viable, predicate offenses under the ACCA.

Under *Johnson*, defendant no longer qualifies as a career offender under the residual clause

1 - OPINION AND ORDER

of the ACCA. *See also Welch v. United States*, 135 S. Ct. 1257, 1268 (2016) (holding that *Johnson* applies retroactively on collateral review). Further, as I explained in *United States v. Mayer*, No. 6:05-cr-60072-AA (D. Or. Feb. 15, 2016), first-degree burglary of a dwelling in Oregon is not a qualifying offense for purposes of the ACCA sentencing enhancement under either the categorical or the modified categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276 (2013); *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014); *see also United States v. Almanza-Arenas v. Lynch*, 809 F.3d 515 (9th Cir. 2015) (en banc). Accordingly, for the reasons set forth in *Mayer*, defendant's convictions for first-degree burglary do not qualify as predicate offenses for purposes of the ACCA, and he is not subject to the relevant sentencing enhancement.

Defendant's Motion under 2255 (doc. 79) is GRANTED. Defendant's previous sentence of 188 months is VACATED and will be modified to reflect the correct sentence without the ACCA enhancement. Defendant's Motion for Due Process (doc. 87) is DENIED as moot. Defendant has served a sentence in excess of ten years, the maximum possible sentence. Accordingly, defendant shall be released from custody immediately.

DATED this 16th day of May, 2016.

Ann Aiken
United States District Judge

2 - OPINION AND ORDER